## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

**DISPLAY TECHNOLOGIES, LLC,**

                    Plaintiff,

          v.

**CANON U.S.A., INC.,**

                    Defendant.

**Civil Action No. 2:17-cv-192**

**JURY TRIAL DEMANDED**

## DEFENDANT CANON U.S.A., INC.'S MOTION TO DISMISS PLAINTIFF DISPLAY TECHNOLOGIES, LLC'S AMENDED COMPLAINT FOR IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(B)(3) AND FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6 )

PRIVILEGED & CONFIDENTIAL
DRAFT—12JULY2017

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................ 1

II.    SUMMARY OF ARGUMENT .......................................................... 1

III.    STATEMENT OF FACTS .................................................................. 2

IV.    ARGUMENT ....................................................................................... 2

    A.    Venue in Patent Actions is Governed Solely by § 1400(b) ................... 2

    B.    Venue Over Canon U.S.A. Is Improper In This District Under § 1400(b)............ 3

        1.    Canon U.S.A. Does Not Reside in Texas ................................. 4

        2.    DTL Does Not Allege Canon U.S.A. Has A "Regular And Established Place Of Business" Within E.D. Texas ................................ 5

        3.    The Interest of Justice Does Not Compel A Transfer To The U.S. District Court for the Eastern District of New York................................ 8

    C.    Plaintiff Fails To Plead Willful Or Indirect Infringement As Basis For Relief To Certain Damages Under 35 U.S.C. § 284 Or Injunction Related To Induced Or Contributory Infringement ........................... 8

        1.    Legal Standards........................................................ 9

        2.    DTL Fails to Adequately Plead Claims of Indirect or Willful Infringement.............................................. 10

V.    CONCLUSION................................................................... 11

PRIVILEGED & CONFIDENTIAL
DRAFT—12JULY2017

## TABLE OF AUTHORITIES

Page(s)

CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 ..................................................................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................6

*Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*,
    406 U.S. 706 (1972)........................................................................................4

*Certified Measurement, LLC v. CenterPoint Energy Houston Elec. LLC*,
    No. 2:14-cv-627-RSP, 2015 WL 14323324 (E.D. Tex. Mar. 30, 2015)............................9, 10

*Fourco Glass Co. v. Transmirra Products Corp.*,
    353 U.S. 222 (1957)........................................................................................3, 4

*Gaddis v. Calgon Corp.*,
    449 F.2d 1318 (5th Cir. 1971) ......................................................................4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016)...................................................................................10

*LoganTree LP v. Garmin Int'l, Inc.*,
    No. SA-17-CA-0098-FB, 2017 WL 2842870 (W.D. Tex. June 22, 2017).....................4, 5, 7

*Luci Bags LLC v. Younique, LLC*,
    No. 4:16-CV-00377, 2017 WL 77943 (E.D. Tex. Jan. 9, 2017) ..............................4

*Morales v. Trans World Airlines, Inc.*,
    504 U.S. 374 (1992).......................................................................................2

*Morton v. Mancari*,
    417 U.S. 535 (1974).......................................................................................2

*Phillips v. Baker*,
    121 F.2d 752 (9th Cir. 1941) ........................................................................5

*Raytheon Co. v. Cray, Inc.*,
    C.A. No. 2:15-CV-01554-JRG, 2017 WL 2813896 (E.D. Tex. June 29, 2017)...............5, 6, 7

*Schnell v. Peter Eckrich & Sons, Inc.*,
    365 U.S. 260 (1961)........................................................................................3

**PRIVILEGED & CONFIDENTIAL**
**DRAFT—12JULY2017**

*Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*
   No. 2:13-cv-38-JRG, 2014 WL 894805 (E.D. Tex. Mar. 4, 2014)............................................9

*TC Heartland v. Kraft Food Groups Brands, LLC*
   137 S.Ct. 1514 (2017)................................................................................1, 2, 3, 4

*Watts v. L-3 Commc's Corp.,*
   No. 2:12-CV-28-JRG, 2012 WL 4480721 (E.D. Tex. Sept. 26, 2012) ....................................4

## STATUTES, RULES & REGULATIONS

28 U.S.C. §§ 1391.............................................................................................1, 3

28 U.S.C. § 1400........................................................................................ *passim*

28 U.S.C. § 1406......................................................................................1, 2, 8

35 U.S.C. § 271..........................................................................................9, 10

35 U.S.C. § 284....................................................................................8, 10, 11

35 U.S.C. § 286................................................................................................8

Fed. R. Civ. P. 8(a) ....................................................................................6, 9

Fed. R. Civ. P. 12(b)(3)..........................................................................1, 4, 11

Fed. R. Civ. P. 12(b)(6)......................................................................1, 2, 9, 11

## I.      INTRODUCTION

On March 13, 2017, Plaintiff Display Technologies, LLC ("Plaintiff" or "DTL") filed an Amended Complaint ("Complaint") for patent infringement against Defendant Canon U.S.A., Inc. ("Defendant" or "Canon U.S.A."). Dkt. No. 3.[1]  The Complaint only asserts U.S. Patent No. 9,300,723 ("the '723 patent").  *Id.*

On April 7, 2017, the Court granted an unopposed motion to extend the time for Canon U.S.A. to answer or otherwise respond to the Complaint to May 10, 2017.  On April 24, 2017, the Court granted an unopposed application to further extend the time for Canon U.S.A. to answer, move or otherwise respond to the Complaint to May 25, 2017.  After determining that Plaintiff's service of the Complaint was incomplete, Defendant waived service of the summons and accepted service of the Complaint on May 15, 2017, and the deadline to answer, move or otherwise respond to the Complaint is now July 14, 2017.  Canon U.S.A. now files this Motion under (1) Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) to dismiss the Complaint in its entirety for improper venue; and (2) Federal Rule of Civil Procedure 12(b)(6) to dismiss any claims of indirect or willful infringement for failure to state a claim.

## II.      SUMMARY OF ARGUMENT

DTL's Complaint contends that venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) by alleging Canon U.S.A. transacts business in this District.  Dkt. No. 3 ¶ 4.  As noted by the Supreme Court in *TC Heartland, LLC v. Kraft Food Groups Brands*, *LLC*,  venue in patent cases is governed solely by the patent specific venue statute of 28 U.S.C. § 1400(b).  Accordingly, venue in this District in this case is proper only if (1) Canon U.S.A. is incorporated in Texas or (2) Canon

---

[1]  DTL filed the Amended Complaint the same day as the original Complaint because the original Complaint mistakenly listed "Digital Technologies, LLC" as the named plaintiff in the caption. *See* Dkt. No. 1.

U.S.A. has committed acts of infringement in <u>and</u> has a regular and established place of business in this District. *See TC Heartland*, 137 S.Ct. 1514, 1517 (2017). DTL has the burden of proving venue. As evidenced by the Complaint, DTL concedes that Canon U.S.A. is neither incorporated in Texas nor has a principal place of business in Texas. Dkt. No. 3 ¶ 2. Based on the proper interpretation of the patent venue statute outlined by the Supreme Court in *TC Heartland*, DTL fails to plead facts sufficient to establish proper venue in this District. Accordingly, Canon U.S.A. respectfully submits that this case should be dismissed pursuant to 28 U.S.C. § 1406(a).

Moreover, DTL fails to plead any facts that would make any claim of indirect or willful infringement "plausible on its face." To the extent DTL makes any claim for indirect or willful infringement, as evidenced by its prayer for relief, Canon U.S.A. respectfully submits that such claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## III.    STATEMENT OF FACTS

DTL filed its Complaint for patent infringement against Canon U.S.A. on March 13, 2017. Dkt. No. 3. DTL alleges that Canon U.S.A. is a New York corporation with a principal place of business at 1 Canon Park, Melville, New York 11747. *Id*. ¶ 2.

## IV.    ARGUMENT

### A.    Venue in Patent Actions is Governed Solely by § 1400(b).

It is a well-settled principle of statutory construction that "the specific governs the general." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992); *see also Morton v. Mancari*, 417 U.S. 535, 550-51 (1974) ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment.") Prior to 1988, there was no dispute that § 1400(b) was "the sole and exclusive provision controlling venue in

patent infringement actions" and such actions were not subject to the general venue provision of §
1391.  *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 220 (1957).  This statutory
construction was consistent with the purpose of § 1400(b) to narrow venue in patent suits so that
defendants could not be sued in any district in which they could be served.  *Schnell v. Peter
Eckrich & Sons, Inc.*, 365 U.S. 260, 262 (1961).

In a unanimous decision, the Supreme Court confirmed that the holding of *Fourco Glass
Co. v. Transmirra Products Corp.* is the correct interpretation of § 1400(b) and "a domestic
corporation 'resides' only in its State of incorporation."  *TC Heartland, LLC*, 137 S.Ct. at 1317.
The Supreme Court noted there has always been a distinction between the use of the word "resides"
in the general and venue patent statutes.  *Id*. at 1519.  Notably, Congress always intended § 1400(b)
to be a stand-alone provision where "domestic corporations . . . were subject to venue only in their
States of incorporation."  *Id*.  Moreover, § 1400(b) has been unchanged since 1948, and nothing
in the amendments to § 1391 provide a "relatively clear" indication to modify the residence
definition of § 1400(b).  *Id*. at 1520.  To the contrary, the most recent amendment to § 1391(c) that
it "does not apply when 'otherwise provided by law'" acknowledges that certain venue statutes
(such as § 1400(b)) retain their definitions of "resides" in conflict with the default definition in the
general venue statute.  *Id*. at 1521.  The Supreme Court confirmed the principle of statutory
construction that the specific trumps the general unless there is a clear indication otherwise, and
thus, the sole provision governing venue in patent actions is 28 U.S.C. § 1400(b).

### B.      Venue Over Canon U.S.A. Is Improper In This District Under § 1400(b).

As venue in a patent action is defined exclusively by § 1400(b), there are two bases for
proper venue in a patent case involving a domestic corporation:  (1) the district in which a
defendant "resides;" and (2) a district in which the defendant both has a "regular and established

place of business" *and* has "committed acts of infringement."  Now that Canon U.S.A. has challenged venue under Rule 12(b)(3), DTL has the burden of proving venue by showing Canon U.S.A.'s presence in this District.  *See Gaddis v. Calgon Corp.*, 449 F.2d 1318, 1319-20 (5th Cir. 1971); *see also LoganTree LP v. Garmin Int'l, Inc.*, No. SA-17-CA-0098-FB, 2017 WL 2842870, at *1 (W.D. Tex. June 22, 2017) ("Plaintiff has the burden of proving venue is proper in the Western District of Texas now that defendants have filed their motion to dismiss"); *Luci Bags LLC v. Younique, LLC*, No. 4:16-CV-00377, 2017 WL 77943, at *3 (E.D. Tex. Jan. 9, 2017) ("[O]nce a defendant has objected to venue, the burden shifts to the plaintiff to establish that venue is proper"); *Watts v. L-3 Commc's Corp.*, No. 2:12-CV-28-JRG, 2012 WL 4480721, *1 (E.D. Tex. Sept. 26, 2012) ("Upon the filing of a Rule 12(b)(3) motion, the burden of proving proper venue shifts to the Plaintiff.").  Here, DTL does not meet its burden of proving venue because DTL fails to plead facts that Canon U.S.A. satisfies either prong of § 1400(b).

### 1.      Canon U.S.A. Does Not Reside in Texas.

With respect to the first prong, DTL cannot establish Canon U.S.A. resides in this District under § 1400(b).  The Supreme Court has consistently defined corporate residence under § 1400(b) as the place of incorporation only.  *TC Heartland*, 137 S.Ct. at 1517; *see also Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 707 n.2 (1972)  ("the residence of a corporation for purposes of § 1400(b) is its place of incorporation.") (citing *Fourco Glass co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957)).  There is no dispute that Canon U.S.A. is incorporated in New York.  Specifically, DTL pleads that "Upon information and belief Defendant Canon U.S.A., Inc. is a corporation organized and existing under the laws of the *State of New York*."  Dkt. No. 3 ¶ 2 (emphasis added).  Accordingly, Canon U.S.A. does not "reside" in this District under § 1400(b).

### 2.     DTL Does Not Allege Canon U.S.A. Has A "Regular And Established Place Of Business" Within E.D. Texas.

Moreover, DTL cannot establish Canon U.S.A. has a "regular and established place of business" in this District, as required under the second prong of § 1400(b).  DTL knows this to be the case as it only pleads that "Defendant has transacted business in this district, and has committed acts of patent infringement in this district."  Dkt. No. 3 ¶ 4.  But merely doing business in the District is not enough.  *Phillips v. Baker*, 121 F.2d 752, 755-56 (9th Cir. 1941); *see also LoganTree*, 2017 WL 2842870 at *1.  The defendant must be "'engaged in carrying on in a continuous manner *a substantial part of its ordinary business*' within the district in which action is brought."  *Phillips*, 121 F.2d at 756. (citations omitted) (emphasis added); *see also LoganTree*, 2017 WL 2842870 at *1 ("[T]he appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence.") (quoting *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985)).   DTL makes no allegations that Canon U.S.A. carries on a substantial part of its business in this District—or  otherwise has a permanent and continuous presence—to support a finding that Canon U.S.A. has a "regular and established place of business" in this District

This Court has recently established four factors to consider when determining what is a "regular and established place of business" in the District: (1) defendant's physical presence in the district; (2) defendant's representations that it has a presence in the district; (3) benefits the defendant receives from business in the district; and (4) the extent defendant targets interactions towards the district. *Raytheon Co. v. Cray, Inc.*,  C.A. No. 2:15-CV-01554-JRG, 2017 WL 2813896, at *10-*14 (E.D. Tex. June 29, 2017).  In *Raytheon*, the Court held that venue was satisfied based on specific allegations in the pleadings that the defendant specifically directed its activities towards the Eastern District.  *Id.* at *13.  Raytheon made specific allegations that the accused infringer "purposefully directed its sales and marketing activities . . . towards . . .  the

Eastern District of Texas." *Raytheon Co. v. Cray, Inc.*,  C.A. No. 2:15-CV-01554-JRG, Dkt. 1 ¶5.

Raytheon also alleged that the defendant maintained extensive facilities and had sales and

marketing employees throughout the Eastern District and the State of Texas.  *Id*. ¶ 6.  Moreover,

Raytheon alleged specific acts of continuing infringement within the Eastern District and

specifically named Cray employees who were allegedly associated with such acts.  *Id*. ¶¶ 6-7.  But

the Complaint in this case makes no such allegations.

      Rather, DTL's Complaint merely pleads facts that only establish Canon U.S.A. (1) resides

in New York by virtue of its state of incorporation and (2) has a principal place of business in

Melville, New York.  Dkt. No. 3 ¶ 2.  With respect to any activity within the Eastern District, the

Complaint only alleges that Canon U.S.A. has "transacted business" in the district. *Id.* ¶ 4.  At a

minimum, the Complaint fails to provide notice as to the grounds for venue in this District.  *See*

Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain a short and plain

statement of the grounds for the court's jurisdiction, . . . .); *Ashcroft v. Iqbal*, 556 U.S. 662, 679

("While legal conclusions can provide the framework for a complaint, they must be supported by

factual allegations."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007) ("Factual allegations [in a

complaint] must be enough to raise a right to relief above the speculative level.").

      Further, DTL's general allegations regarding specific and personal jurisdiction that Canon

U.S.A. is "regularly doing or soliciting business, engaging in other persistent courses of conduct,

and/or deriving substantial revenue from goods and services provided to individuals in Texas and

in this judicial district" are not enough to establish venue. *See* Dkt. 3 ¶ 5.  The Court in *Raytheon*

held "that 'the regular and established place of business standard requires more than the minimum

contacts necessary for establishing personal jurisdiction or for satisfying the 'doing business'

-6-

standard of the general venue provision.'" 2017 WL 281396, at *13 n.11 (quoting *LoganTree LP*, 2017 WL 2842870, at *1).

Under the Court's four factor test, the facts pled in the Complaint do not permit a reasonable inference that Canon U.S.A. has a "regular and established place of business" in this District as required for venue under § 1400(b).[2]

Other courts in the Fifth Circuit have also weighed in on what is "a regular and established place of business" for purposes of venue under § 1400(b).  Just recently in *LoganTree LP v. Garmin International*, the court dismissed for lack of venue because defendants did not have a "regular and established place of business" in the district. 2017 WL 2842870, at *2.  Specifically, the court evaluated whether the defendants had a "***a permanent*** and continuous presence" in the district.  *Id.* at *1 (emphasis added) (quoting *In re Cordis Corp.,* 769 F.2d at 737).  The court determined that none of authorization to do business in Texas, permitting website access to Texas distributors, or selling products in Texas supported "a finding that defendants have a permanent and continuous presence which shows a regular and established place of business in the" district.  *Id.* at *2.  Likewise, DTL's allegation that Canon U.S.A. has "transacted business in this district" is not enough to support a finding of a regular and established place of business in the Eastern District.

Accordingly, Plaintiff fails to plead sufficient facts that establish that Canon U.S.A. is subject to venue in this District for a patent action.  Moreover, Plaintiff cannot demonstrate it would be prejudiced if required to refile its action in the proper venue.  Therefore, Canon U.S.A. respectfully submits that DTL has failed to meet its burden to prove venue under § 1400(b) and the proper remedy is dismissal under § 1406(a).

---

[2] Canon U.S.A. does not concede, and specifically contests, that DTL has sufficiently pled facts to establish that Canon U.S.A. has committed acts of infringement in this District as Canon U.S.A. does not make, import, offer to sell, or otherwise sell the accused android smartphones.

3.      **The Interest of Justice Does Not Compel A Transfer To The U.S. District Court for the Eastern District of New York.**

As noted above, Canon U.S.A. moves for dismissal under 28 U.S.C. § 1406(a) because it is not a resident of Texas and DTL fails to plausibly allege that Canon U.S.A. has a "regular and established place of business" and has committed acts of infringement in this District. Nevertheless, 28 U.S.C. § 1406(a) notes that "if it be in the interest of justice, [the Court may] transfer such case to any district or division in which it could have been brought."  Accordingly, Canon U.S.A. respectfully submits that any transfer under § 1406(a) should be to the Eastern District of New York as the Complaint only pleads facts that establish venue in that forum.

Such a transfer, however, would not "be in the interest of justice."  While this determination is within the sound discretion of the Court, none of the facts here suggest such a transfer is necessary in the interest of justice.  The '723 Patent just issued in 2016, so if DTL timely refiles in a proper venue then no claim for damages would be barred due to the time limitation of 35 U.S.C. § 286. Moreover, the action is at an early stage and the parties have not invested substantial resources in litigation.  Accordingly, the interest of justice does not require a transfer under § 1406(a) but any such transfer should only be to the Eastern District of New York based on the facts set forth in the Complaint.

C.      **Plaintiff Fails To Plead Willful Or Indirect Infringement As Basis For Relief To Certain Damages Under 35 U.S.C. § 284 Or Injunction Related To Induced Or Contributory Infringement**

Despite requesting relief based on indirect infringement and willfulness, DTL has failed to properly plead claims for indirect infringement and willfulness in its Complaint.  Therefore, DTL's Complaint must be dismissed to the extent DTL pleads claims for indirect and willful infringement.

1.      **Legal Standards.**

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

complaint must contain "a short and plain statement of the claim to show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  "Detailed factual allegations are not required, but the facts pled must, when accepted as true, state a claim for relief that is 'plausible on its face,' i.e., the facts pled must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.* No. 2:13-cv-38-JRG, 2014 WL 894805, at *2 (E.D. Tex. Mar. 4, 2014) (quoting *Twombly*, 550 U.S. at 570). The court must view the facts in light most favorable to the plaintiff and accept all of the well-pleaded facts as true. *Id.* (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

A plaintiff claiming induced infringement under 35 U.S.C. § 271(b) must plausibly allege: "(1) that a third party . . . has performed acts sufficient to constitute infringement; (2) that the defendant knew of the patent and that the acts in question would infringe; and (3) that the defendant had specific intent to encourage the third party's infringement." *Id.* (citing *DSU Med. Corp. v. JMS Co.*, 471 F.23d 1293, 1304-06 (Fed. Cir. 2006); *MEMC Elec. Materials, Inc. v. Mitsubishi Material Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005)).

A claim for contributory patent infringement under 35 U.S.C. § 271(c) must plausibly allege (1) an act of direct infringement, (2) that the defendant 'knew that the combination for which its components were especially made was both patented and infringing,' and (3) that the components have 'no substantial non-infringing uses.'" *Certified Measurement, LLC v. CenterPoint Energy Houston Elec. LLC*, No. 2:14-cv-627-RSP, 2015 WL 14323324, at *2 (E.D. Tex. Mar. 30, 2015) (quoting *Cross Med. Prods., Inc. v. Medtronic Sofamore Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005)).

In order to plead a claim for willful infringement, the plaintiff must plead culpable

infringement behavior that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or – indeed – characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016).  DTL's Complaint, however, pleads no such facts that would allow the Court to plausibly infer that Canon U.S.A. intentionally or knowingly infringed the '723 Patent. *Id.* at 1932-33.  Because the Complaint asserts no facts to support claims of indirect or willful infringement in accordance with the foregoing legal standards, DTL fails to make any such claim "plausible on its face."

### 2.    DTL Fails to Adequately Plead Claims of Indirect or Willful Infringement.

Claims of indirect infringement are brought under 35 U.S.C. §§ 271(b) (induced infringement) or 271(c) (contributory infringement).  DTL's Complaint states that it is only bringing an action for infringement arising under 35 U.S.C. § 271(a) (direct infringement). Dkt. 3 ¶ 3.  Further, DTL's Complaint does not plead any of the requisite elements of indirect infringement, such as a third party committing acts of infringement, Canon U.S.A.'s knowledge of the '723 patent, Canon U.S.A.'s specific intent to encourage infringement, and whether the accused products have substantial non-infringing uses.  Thus, despite its request for an injunction prohibiting induced and contributory infringement, DTL is not entitled to such relief because it has not adequately pled these causes of action.

Similarly, DTL has requested damages under 35 U.S.C. § 284, a statute which allows for enhanced damages.  DTL, however, fails to plead any of the requisite elements of willful infringement.  Notably, DTL fails to plead that Canon U.S.A. has engaged in any culpable infringement behavior that is willful.  Thus, DTL is not entitled to damages under § 284 based on a finding of willful infringement.

### V.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion to Dismiss for improper venue pursuant to Rule 12(b)(3) and dismiss Plaintiff's claims for relief related to indirect and willful infringement under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated 14th day of July, 2017.                                Respectfully Submitted,


                                                             /s/ *Guy N. Harrison*            .

                                                             Guy N. Harrison
                                                             Attorney at Law
                                                             P.O. Box 2845
                                                             Longview, TX 75606
                                                             Tel. (903) 758-7361
                                                             Fax. (903) 753-9557
                                                             Email: guy@gnhlaw.com

                                                             William S. Foster, Jr.
                                                             Drinker Biddle & Reath LLP
                                                             1500 K. Street, N.W.
                                                             Washington, D.C. 20005-1209
                                                             Tel. (212) 842-8800
                                                             Fax. (212) 842-8465
                                                             Email: william.foster@dbr.com


                                                             ATTORNEYS FOR DEFENDANT

                                                             CANON U.S.A., INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of JuLY 2017, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and that all counsel of record who are deemed to have consented to electronic service are being served via the CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Guy N. Harrison*

Guy N. Harrison
