# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC § | |
| § | |
| v.   § | Case No. 2:17-CV-0192-JRG-RSP |
| § | |
| CANON U.S.A., INC.   § | |

**PROTECTIVE ORDER FOR PATENT CASES**

WHEREAS, Plaintiff Display Technologies, LLC and Defendant Canon U.S.A., Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The word(s) "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES

1

ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word(s) "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

   (a) outside counsel of record in *Display Technologies, LLC v. Canon U.S.A., Inc.*, Case No. 2:17-cv-0192-JRG-RSP (the "Action") for the Parties;

   (b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

3

(c)      in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)      up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)      outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or expert in order to allow the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)      independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)      the Court and its personnel.

6.      A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9. For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g).

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

    (a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) ("Source Code Computer"). The Source Code Computer may be connected to a

5

    printerand shall be equipped to print Source Code Material onto production-numbered paper labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," which shall be provided by the producing Party.  The receiving Party shall print onto such paper all pages of Source Code Material that the receiving Party may wish to take possession of, subject to the other provisions of paragraph 10.  Additionally, the Source Code Computer may only be located at the offices of the producing Party's outside counsel.  The producing Party need not produce executable or native code absent agreement by the Parties or by further Court order;

(b)      In order to verify that its Source Code Material has not later been altered, the producing Party may benchmark the Source Code Material before it is provided, but shall not install any keystroke or other monitoring software on the Source Code Computer;

(c)      The receiving Party shall diligently attempt to complete its review of Source Code Material during a period of three (3) 10 hour days (*e.g.*, 8:00 a.m. through 6:00 p.m.).  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(d)      Recording devices, recordable media, or other electronic devices (including but not limited to sound recorders, computers, PDAs, landline or cellular telephones, smartphones, peripheral equipment, cameras, CDs, DVDs, floppy drives, zip drives, thumb drives, USB memory sticks, portable hard drives, BlackBerry® devices, or Dictaphones) shall not be permitted inside the secure room containing the Source Code Computer;

(e)      The receiving Party's outside counsel and/or outside consultants or experts shall be entitled to take notes relating to the Source Code Material.  Such notes shall themselves thereafter be deemed "Source Code Material" and treated as RESTRICTED CONFIDENTIAL SOURCE CODE for all purposes and provisions herein, except that the receiving Party's outside counsel and/or outside consultants or experts may keep the original of such notes (but such originals shall be subject to all restrictions placed on copies in the possession of the receiving Party included within this Protective Order);

(f)      The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code Material on the Source Code Computer;

(g)      The producing Party will produce Source Code Material in computer searchable format on the Source Code Computer as described above;

(h) Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may only include excerpts of Source Code Material that are reasonably necessary for the purposes for which such part of the Source Code Material is used in any pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents"). A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or drafts of these documents provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(i) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(j) No electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(k) No more than one hundred (100) pages of Source Code Material for any software release may be in printed form in the receiving Party's possession at any one time. In order to stay within the one hundred (100) page limit, the receiving Party must first securely destroy and certify to the producing Party in writing the fact of such destruction or return to counsel for producing Party, at receiving Party's option, Source Code Material (including all copies made pursuant to paragraph 10(m) below) in exchange for taking possession of additional Source Code Material. Counsel for the producing Party shall maintain all printed pages of Source Code Material that the receiving Party does not take possession of, in case the receiving Party later wishes to take possession of additional Source Code Material in accordance with the preceding sentence.

(l) The receiving Party will record on a log every page of Source Code Material that

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

      the receiving Party takes possession of (subject to the 100 page limit of paragraph k above), including the production-numbers and the file names containing the printed Source Code Material. The receiving Party shall provide a copy of the log to the producing Party within five (5) business days of printing the Source Code Material. The producing Party shall have fifteen (15) business days after receipt of the log to provide the receiving Party with written notice of any objection that the printed portions are not reasonably necessary to any case activity. If the producing Party and the receiving Party cannot resolve the objection within five (5) business days of a meet and confer, or within such other time as the Parties may agree, the producing Party may file a motion with the Court seeking a protective order with respect to the proposed production of the printed pages. The objecting Party shall have the burden of proving the need for a protective order. The disputed pages may not be used in any manner until all such objections are resolved by agreement or Court order;

(m)     The receiving Party shall be permitted to make up to five (5) photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall include the photocopies on the log discussed in paragraph l above. For purposes of clarification, and without limiting the foregoing, the receiving Party may not create, use, access, or receive electronic images, photographic images, or any other images, of the Source Code Material made from paper copy; the paper copy may not be converted into an electronic document; and the paper copy may not be scanned using optical character recognition technology;

(n)     No electronic copies of the Source Code Material shall be provided by the producing Party beyond the Source Code Computer. The receiving Party is not to create any such electronic copies;

(o)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition);

(p)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(h) above to another person authorized under paragraph 10(h) above, on paper via hand carry, Federal Express or other similarly reliable courier. Source Code

    Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet;

(q) Images or copies of Source Code Material shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except as to the extent permitted herein;

(r) Other than as provided in paragraph 10, the receiving Party will not copy, remove, or otherwise transfer any Source Code Material from the Source Code Computer, including without limitation, copying, removing, or transferring the Source Code Material onto any other computers or peripheral equipment;

(s) The receiving Party will not transmit any Source Code Material in any way from the offices of the producing Party's outside counsel;

(t) To the extent portions of Source Code Material are quoted in a Source Code Document, persons described in paragraph 10(h) above shall be permitted to store and access such Source Code Documents on a computer and on a computer network that limits access to necessary viewers only;

11. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate (i) during the pendency of this Action and for one year after its conclusion, including any appeals, or (ii) for two (2) years after the last time such person accesses the HIGHLY SENSITIVE MATERIAL, whichever is longer. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to

9

        HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents,

information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) counsel for a Party, including outside counsel of record and in-house counsel (subject to paragraph 9 of this Order); (v) an independent contractor, consultant, and/or expert retained for the purpose of this litigation (subject to paragraphs 5(e) and 19 of this Order); (vi) court reporters and videographers; (vii) the Court; or (viii) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a final deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition

or hearing transcript shall be treated as RESTRICTED – ATTORNEYS' EYES ONLY.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) business days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's

> determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED -- ATTORNEYS' EYES ONLY" in accordance with this Order.

22. Within fifteen (15) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (including any attorney work

       product and any pleadings), shall be destroyed.  A certification of destruction signed by counsel for the receiving Party shall be provided to the producing Party within ten (10) calendar days of the destruction of the material.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. If at any time documents containing DESIGNATED MATERIAL are subpoenaed or otherwise requested through litigation or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every Party who has produced such documents and to its counsel and shall provide each such Party with an opportunity to object to the product of such documents or information.  If a producing Party does not take steps to prevent disclosure of such documents or information within ten (10) business days of the date written notice

is given, the Party to whom the referenced subpoena is directed may produce such documents and/or information in response thereto.

26. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| DISPLAY TECHNOLOGIES, LLC | § § | |
| v. | § § | Case No. 2:17-CV-0192-JRG-RSP |
| CANON U.S.A., INC. | § § | |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel

for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____